Mr. Michael Shrewsbury Director of Animal Services City of Sherwood 6580 North Hills Boulevard Sherwood, Arkansas 72120
Dear Mr. Shrewsbury:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your former employment records with the City of North Little Rock are subject to disclosure under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -107 (1996 Repl. and Supp. 1997), at the request of Ms. Gina Richey, a current employee of the City of Sherwood who now serves under your direction.
On July 20, 1998, I issued Op. Att'y Gen. 98-173, at the request of Ms. Richey, and addressed her question of whether the FOIA allowed inspection of her former employment records with the City of North Little Rock. She stated that her current employer or "boss" had made an FOIA request to see her former employment records. I assume that you are the "boss" to whom she referred. She also stated that she was involved in a grievance procedure of a suspension related to her employment with the City of Sherwood.
Ms. Richey has now apparently made an FOIA request to review your former employment records with the City of North Little Rock, where you state you worked from 1989-1993. You state that "Ms. Richey has shown no valid reason to request these files," that you "are not the person who is being questioned in this disciplinary proceeding," and that you "see no valid reasoning for her to have access to [your] files at this time." You conclude by saying that: "This is my request to deny access to her at this time."
My mandate under the relevant statute is to review the decision of the custodian of records as the to disclosability of the records in question. A.C.A. § 25-19-105(c)(3)(B). If the North Little Rock custodian of records has made a decision as to the disclosability of these records, it does not appear from your correspondence. I cannot, therefore, review any decision of the custodian in this regard. I can state, however, that "the reason a requester seeks access to records under the FOIA is irrelevant. See Op. Att'y Gen. 92-289 and Watkins, TheArkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 66. If the record is a `public record' under the FOIA and is subject to no exception, it must be released to members of the public without regard to their motive for seeking access." Op. Att'y Gen. 96-306 at 2.
Ms. Richey, therefore, as a citizen of the State of Arkansas, has as much right as any Arkansas citizen to make an FOIA request for public records. She need not show any reason for making the request.
The question of whether your personnel records are open to inspection under the FOIA will depend upon their content. I have not been provided with the actual records, and thus cannot make any conclusions in this regard. I will note, however, that the same precepts of law set out in Op. Att'y Gen. 98-173 with regard to Ms. Richey's employment records, are applicable to the release of your records. The North Little Rock custodian has previously received a copy of Op. Att'y Gen. 98-173, and I have enclosed a copy herewith for your review. The custodian must make the determination of the disclosability of your records under the law as summarized in Op. Att'y Gen. 98-173.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh